**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| CLINT WELDON WILSON, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 5:17-CV-00034-RWS |
| | § |
| v. | § |
| | § |
| DIR OF TDCJ, | § |
| | § |
| Defendant. | § |

## ORDER

Petitioner Clint Weldon Wilson, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommended that the petition for writ of habeas corpus be denied and dismissed. Docket No. 46.

The Court has received and considered the thorough, 26-page Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Wilson filed objections to the Report and Recommendation. Docket No. 48. The Court reviews the objections in relation to the pleadings and the applicable law *de novo*. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes that Wilson's objections should be overruled. Following a thorough *de novo* review of all of Wilson's claims, the Court finds that Wilson has failed to show a violation of his constitutional rights. Additionally, Wilson has failed

to satisfy his burden of proof in rebutting the presumption of correctness afforded the state court's explicit and implicit findings. Further, Wilson has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

I. *Objections*

Wilson first objects to the denial of his ineffective assistance of counsel claim for failing to secure a voicemail message from the victim and because the trial court did not conduct a live evidentiary hearing, relying instead on an affidavit submitted by counsel. Additionally, Wilson complains that the state trial court denied relief without even mentioning the *Strickland* standard. However, Wilson has failed to demonstrate that the state court applied the wrong standard. Further, the presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

Wilson also objects to the fact that the Magistrate Judge did not hold an evidentiary hearing. However, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Here, the state court adjudicated Wilson's claims on the merits and denied relief. The Fifth Circuit has repeatedly held that a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying his claims. *See Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). "[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" *Id.* at 183 (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). Accordingly, Wilson's objection is without merit.

Wilson's second objection contends that the state trial court changed his claims from asserting that counsel failed to contact or interview Luis Mendez to a claim that counsel failed to investigate the potential witness until just before trial. Had the state trial court correctly construed his claim, Wilson contends, it could not have determined that counsel's refusal to call the witness was a tactical decision.

As detailed in the Report and Recommendation, Wilson has failed to show that counsel's assistance was unconstitutional. Further, Wilson has failed to satisfy the "doubly" high deferential standard that must be accorded counsel in the context of § 2254(d). *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Further, given the weight of the evidence against him, Wilson has failed to show that he was prejudiced by the alleged deficient conduct. Wilson has failed to satisfy his burden of proof. Accordingly, Wilson's objection should be overruled.

Finally, Wilson again objects to the lack of an evidentiary hearing and the "magistrate judge's finding of fact based solely on the affidavit provided by defense counsel." However, the Magistrate Judge relied on the findings made by the state court. Further, as previously set forth, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that

adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. Wilson has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, this objection should also be overruled.

II.     *Certificate of Appealability*

Furthermore, Wilson is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Wilson has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel

and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, Wilson has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

Accordingly, Wilson's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report & Recommendation of the Magistrate Judge.

**So ORDERED and SIGNED this 5th day of August, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE